### JOSEPH MORGAN v. MARGARET MYERS.

LIABILITY OF A MARRIED WOMAN UPON HER COVENANTS OF WARRANTY.

A married woman is not liable, in an action at law, upon her covenants of warranty made in 1873; the statute of 1866 did not change the rule theretofore existing.

ERROR to the Court of Common Pleas of Allen county.

MOORE, J.

This proceeding is to reverse the judgment of the court below in sustaining a demurrer to the plaintiff's petition.

The record presents but one question, and that is as to the liability of a married woman upon her covenants against incumbrances in a conveyance of her real estate, made in 1873, during coverture, her husband joining in the deed, all of which is fully averred.

The following are the allegations of the petition relating to the covenants and the breach:

(1.) And the said plaintiff says that the said defendant, jointly with the said J. S. Myers, by said deed, covenanted to and with the said plaintiff, that said grantors were seized in fee of said premises, and that they had good right to convey the same as aforesaid, and that said premises were free and clear of all incumbrances, and that the said grantors would warrant and defend the said premises against the lawful claims of all persons whomsoever.

(2.) And the said plaintiff further says, that said premises were not clear of all incumbrances whatsoever; for he says that at the time said conveyance was executed and delivered by said grantors to said plaintiff, and before, the Delphos Building and Saving Association, a corporation doing business in Delphos, Ohio, held a mortgage lien upon said premises, to secure the payment of certain moneys due said association from the said Margaret J. Meyers. And the plaintiff says that by reason of said mortgage lien, the said association, by the findings and judgment of this court, recovered the sum of four hundred and thirty-seven and forty-six hundredths dollars, and fifty dollars costs, against the said grantors, and obtained in the same proceeding a decree subjecting said premises to sale for the satisfaction of the same; and plaintiff says that he was compelled to pay the same to prevent the sacrifice of his property, and thereby remove the said lien. And plaintiff says that said payment was made on the 29th day of January, A. D. 1880, and that by said payment he discharged a debt of the defendant for that amount, and said defendant became thereby the direct beneficiary of said payment.

This suit is not one in equity to charge the separate estate of a married woman. The petition does not allege that the defendant is possessed of any separate estate or that she at the time the covenants were made, intended thereby to charge her separate estate with any liability growing out of a breach of her contract.

It is an action at law to recover a judgment against a married woman upon her covenants against incumbrances. Such action cannot be maintained, unless the legislative acts existing at the time the contract involved in this suit was made, to-wit, 1873, increasing her rights, also enlarged her liabilities. The American cases, with but few exceptions, went to the extent that a married woman is estopped from asserting rights as against her covenants in a deed, as for instance an after-acquired title; but with the same uniformity have held that a married woman is not liable at law upon her covenants of warranty.

The statute of 1866, amending that of 1861 relating to the rights and liabilities of married women, was the only one in existence at the time mentioned. It provides, that she may, in her own name, during coverture, make contracts for labor and materials for improving, repairing and cultivating her real estate, and lease the same for any period not exceeding three years. The same act, sec. 3, provides:

"In any. action against husband and wife upon any cause existing against her at their marriage, or upon any tort committed by her during coverture, or upon any contract made by her concerning her separate property, as provided for in section one of this act, the separate property of the wife shall also be liable to be taken for any judgment rendered therein."

It will be noticed that the contract of covenants of warranty do not come within the provisions of this act. It is only for such liabilities as are named in the act, that a judgment at law could be had, and enforced by execution. Any other liability would have to be by a proceeding in equity, to charge her separate estate. Gerlach v. Redinger, 40 O. S., 388.

It will be observed that the court places much stress upon the particular wording of the covenants—the wife covenanting in her own right. "*Held:* That by the covenants, so worded, she charged her separate estate with the removal of the incumbrances, and the grantee was entitled to· have the sums, paid by him to discharge them, deducted from the unpaid purchase money."

It will also be noticed, that the action was brought to recover for the balance of the unpaid purchase money, and the defendant sought to recoup the amount that he had been required to pay to discharge certain liens that existed at the time of the conveyance. This defense could well be maintained under sec. 5780, Rev. Stat., which was in force at the time.

The statute does not, therefore, increase the liability of a married woman, so as to give a right of action at law upon her covenants against incumbrances. The rule is well-stated in Kelly on Contracts of Married Women, 103, where it is said: "A married woman is not now bound by any covenants contained in her deed so as to subject her to a suit for a breach thereof; but she is bound by way of estoppel, and her grantee may avail himself, but not against her, of covenants running with the land." Also, 3 Washburn on Real Property, 113; Rawle on Covenants of Title, 579.

The demurrer to the petition was properly sustained by the court below.

Judgment affirmed.

Cunningham & Cunningham, for plantiff.

Price & Overmyer, for defendant.